UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

EMMANUEL HAYNES,

*Plaintiff,*

– against –

PHILLIP SCOTT, SR.; CITY OF NEW
YORK; NYC MARSHAL EDWARD F.
GUIDA, JR., *Shield #14,*

*Defendants.*

**MEMORANDUM & ORDER**
26-cv-00612 (NCM) (TAM)

---

**NATASHA C. MERLE,** United States District Judge**:**

On February 4, 2026, pro se plaintiff Emmanuel Haynes filed this action against

defendants Phillip Scott, Sr., the City of New York (the "City"), and New York City Marshal

Edward F. Guida, Jr. (the "Marshal"). Compl. 1–2,[1] ECF No. 1. Plaintiff filed his complaint

together with a motion for a temporary restraining order ("TRO") and an order to show

cause for a preliminary injunction, as well as a request to proceed in forma pauperis

("IFP"). Pl.'s Emergency Ex Parte Mot. for TRO & Prelim. Inj., ECF No. 4; Mot. for Leave

to Proceed IFP, ECF No. 2. Plaintiff's request to proceed IFP is granted for the limited

purpose of this Order. For the reasons stated below, plaintiff's request for preliminary

injunctive relief is denied and his complaint is dismissed.

## BACKGROUND

Plaintiff resides at an apartment building located in Jamaica, Queens, New York.

*See* Compl. 5. Defendant Scott holds an ownership interest in the property; in April 2019,

---

[1]      Throughout this Order, page numbers for docket filings refer to the page numbers
assigned in ECF filing headers.

1

Scott transferred ownership of the property to a trust. *See* Decl. in Supp. of Emergency Ex Parte Mot. for TRO ("Haynes Decl.") ¶ 2, ECF No. 4-1. In November 2020, Scott initiated holdover proceedings against plaintiff in Queens County Housing Court. Haynes Decl. ¶ 3. However, plaintiff alleges that Scott initiated the holdover proceedings in his individual name, rather than the name of the trust. Haynes Decl. ¶ 3. Plaintiff also alleges that, beginning in December 2022, Scott interfered with his mail by removing plaintiff's name from his mailbox, thereby "impairing [p]laintiff's ability to receive timely court communications and meaningfully participate in post-judgment proceedings" in connection with the holdover action. Compl. 5. Plaintiff further alleges that the City and Marshal are now enforcing a warrant of eviction with "serious irregularities and unresolved procedural defects[.]" Compl. 5. Plaintiff seeks injunctive relief to prevent defendants from executing the warrant of eviction, as well as compensatory and punitive damages. *See* Compl. 6.

### STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] "A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all factual allegations contained in the complaint are assumed to be true, this rule does not apply "to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

---

[2]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

2

Federal courts have limited subject matter jurisdiction, restricting the types of cases they can hear. *See Funk v. Belneftekhim*, 861 F.3d 354, 371 (2d Cir. 2017). There are two types of federal subject matter jurisdiction: federal question jurisdiction, which requires a claim based on a federal law, *see* 28 U.S.C. § 1331, and diversity jurisdiction, which requires a lawsuit with a value of greater than $75,000 and in which no defendant lives in the same state as the plaintiff, see 28 U.S.C. § 1332. The plaintiff bears the burden of establishing either type of subject matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). If the Court "concludes that it lacks subject-matter jurisdiction," it must "dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

Where a plaintiff is proceeding pro se, the Court "construe[s] [the plaintiff's] submissions liberally, as raising the strongest arguments they suggest." *Whitfield v. City of New York*, 96 F.4th 504, 518 (2d Cir. 2024); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that non-attorney pro se litigants are not expected to meet the standards for "formal pleadings drafted by lawyers"). If it is possible that "a valid claim might be stated," the Court should give the pro se plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Where amendment would be "futile," leave to amend the complaint should be denied. *Id*.

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, sua sponte, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363–364 (2d Cir. 2000); *see also Jean-Baptiste v. Westside Donut Huntington Ventures LLC*, No. 23-826, 2023 WL 8015698, at *1 (2d Cir. Nov. 20, 2023) (summary order) (affirming sua sponte dismissal of pro se complaint without prior

3

notice to the plaintiff and reiterating that "[a] district court has the inherent authority to dismiss a complaint sua sponte, even when the plaintiff has paid the filing fee, when it is clear that the claims are frivolous"); Fed. R. Civ. P. 12(h)(3). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Plaintiff's request for injunctive relief must be denied, and the complaint must be dismissed. Specifically, plaintiff's request to enjoin enforcement of the warrant of eviction is barred by the *Rooker-Feldman* doctrine and the Anti-Injunction Act, and plaintiff otherwise fails to state a plausible federal claim for relief.

### I.   *Rooker-Feldman* **Doctrine**

Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005)). The doctrine also bars a federal claim "whether or not raised in state court, that asserts injury based on a state judgment and seeks review and reversal of that judgment[.]" *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 86 (2d Cir. 2005). That is, claims that are "inextricably intertwined with the state judgment." *Id.* at 86–87. Review of claims is barred under the doctrine when four requirements are satisfied: (1) the federal court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites the federal court to review and reject that judgment; and (4) the state

4

court judgment was rendered prior to the commencement of proceedings in the district court. *Id.* at 85. The *Rooker-Feldman* doctrine generally applies to claims arising from state court eviction proceedings. *See Thompson v. Donovan*, No. 13-cv-02988, 2014 WL 5149037, at *12 (S.D.N.Y. Oct. 14, 2014) (explaining that the plaintiffs' challenge to state court's decision that the landlord could evict the plaintiffs "fit[] within the long line of cases holding that federal claims arising from eviction proceedings are ordinarily barred by the *Rooker-Feldman* doctrine") (collecting cases).

The *Rooker-Feldman* conditions are satisfied here. Plaintiff appears to have lost in state court, and a warrant of eviction has been issued. *See* Compl. 5. He complains of imminent eviction from his apartment, Compl. 5, thus, his alleged injuries flow from the state court's judgment of eviction and related housing proceedings. And plaintiff requests that the Court stay enforcement of the warrant before adjudicating constitutional claims relating to "serious irregularities and unresolved procedural defects" in connection with the proceedings. Compl. 5. Therefore, plaintiff's attempt to challenge the warrant of eviction is barred by the *Rooker-Feldman* doctrine. *See Bey v. Ferdinand*, No. 24-cv-06684, 2025 WL 1505041, at *4 (S.D.N.Y. May 21, 2025) ("The *Rooker-Feldman* doctrine precludes a United States district court from exercising subject-matter jurisdiction . . . when a litigant seeks relief that invites a federal district court to reject or overturn a final state housing court decision ordering an eviction after a holdover proceeding."); *Viverette v. Winograd*, No. 25-cv-07168, 2025 WL 2577665, at *4 (S.D.N.Y. Sept. 5, 2025) (explaining that the *Rooker-Feldman* doctrine barred the plaintiff's "claims for relief

seeking the [c]ourt's enjoining of the execution of a warrant of [the] [p]laintiff's eviction from the apartment at issue") (collecting cases).

Plaintiff's contention that *Rooker-Feldman* does not apply is without merit. Plaintiff argues that the *Rooker-Feldman* doctrine only applies when a plaintiff has "injuries caused by state-court judgments" and the plaintiff "invit[es] district court review and rejection of those judgments." Mem. of Law in Supp. of Pl.'s Mot. for Ex Parte TRO & Prelim Inj. ("Mot.") 3, ECF No. 4-2. And here, plaintiff is "not invit[ing] this Court to review or reject the state court judgment." Mot. 3. Instead, according to plaintiff, he seeks to remedy "independent injuries caused by the [d]efendants' unconstitutional conduct that occurred *outside* of the state court proceedings." Mot. 3 (emphasis original). The Court disagrees. To be sure, plaintiff alleges a course of allegedly improper conduct by defendant Scott that occurred outside the housing proceedings. *See, e.g.,* Compl. 5 ("Scott . . . interfered with mail delivery at the premises, including mail addressed to [p]laintiff[.]"). But the ultimate injury which plaintiff seeks to remedy arises from potential enforcement of the warrant of eviction. *See* Compl. 5 ("Defendants City of New York and NYC Marshal Edward F. Guida Jr. . . . are now enforcing a warrant of eviction despite notice of serious irregularities and unresolved procedural defendants, causing imminent and irreparable harm to [p]laintiff."). In other words, plaintiff "is complaining of an injury caused by [a] state judgment," and the *Rooker-Feldman* doctrine precludes this Court's review. *Hoblock*, 422 F.3d at 87; *see also Jordan v. Levine*, 536 F. App'x 158, 159 (2d Cir. 2013) (summary order) ("The[] [*Rooker-Feldman*] requirements are satisfied here. [The plaintiff] is seeking an order staying the enforcement of a state court warrant of eviction. [The plaintiff's] claim[] against . . . Marshal Locascio[,] unconstitutional

6

enforcement of the warrant of eviction[,] arise[s] from and concern[s] only the state court eviction judgment and were filed after that judgment was entered.").

Moreover, plaintiff's insistence that he is not inviting the Court to review the underlying state court judgment is belied by the relief he seeks. Plaintiff argues that the warrant of eviction "being relied upon by [defendants] has not been meaningfully updated, reissued, or reaffirmed by the [h]ousing [c]ourt to account for the . . . irregularities described [in the complaint], or for intervening litigation activity." Haynes Decl. ¶ 10. Plaintiff further argues that he suffered injuries from "[d]efendants' procedural irregularities" that deprived him of "a fair proceeding and which the state court refused to rectify." Mot. 4. To assess these claims—and determine whether enforcement of the warrant of eviction should be stayed—the Court necessarily would need to examine the housing court proceedings and determine whether the state court judgment was issued in error. Put differently, plaintiff's claims are "inextricably intertwined" with the state court eviction order. *Hoblock*, 422 F.3d at 86–87; *see also Koziel v. City Ct. of Yonkers*, 351 F. App'x 470, 470 (2d Cir. 2009) (summary order) (explaining that *Rooker-Feldman* doctrine barred the plaintiff's claims and reasoning that "insofar as [the plaintiff] seeks to challenge the state procedures for appealing a decision as violating his due process rights, that claim is inextricably intertwined with the judgment of the state court").

Accordingly, irrespective of how plaintiff attempts to label or characterize his claims, determination of his claims would require the Court to assess an underlying state court judgment, and *Rooker-Feldman* bars this Court's review. *See Ceccarelli v. Morgan Stanley Private Bank N.A.*, 763 F. Supp. 3d 550, 558–59 (S.D.N.Y. 2025) (reasoning that a demand for relief that requested, in the context of a foreclosure eviction, "vacating, setting aside and permanently staying enforcement of the improperly procured state

[j]udgment . . . would require the federal court to review the state proceedings and determine that the foreclosure judgment was issued in error[,]" and was, therefore, precluded by the *Rooker-Feldman* doctrine); *see also Gotbetter v. Wendt*, No. 08-cv-04868, 2008 WL 5147036, at *4 (S.D.N.Y. Dec. 3, 2008) ("[The] [p]laintiff's attempt to invoke subject matter jurisdiction in this [c]ourt by citing both 42 U.S.C. § 1983 and the Fourteenth Amendment fails because the relief he seeks merely attests to [the] [p]laintiff's dissatisfaction with the course his litigation has taken in the state courts.").

## II.    Anti-Injunction Act

Moreover, plaintiff's request to enjoin the warrant of eviction is barred by the Anti-Injunction Act. Pursuant to the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This statute applies where "the requested injunction would . . . stay the ongoing state proceedings[.]" *Kane v. New York*, No. 22-cv-03174, 2024 WL 50969, at *2 (E.D.N.Y. Jan. 4, 2024); *see also Bey v. Kings Fam. Ct.*, No. 25-cv-00809, 2025 WL 1181679, at *3 (E.D.N.Y. Apr. 23, 2025) ("The Anti-Injunction Act functions as an absolute prohibition against any injunction of any state-court proceedings." (quoting *Vendo Co. v. Lektro Vend Corp.*, 433 U.S. 623, 630 (1977))). The Anti-Injunction Act applies to state court eviction proceedings. *See Milhaven v. Country Vill. Apartment*, No. 19-cv-02384, 2020 WL 5663380, at *9 (S.D.N.Y. Sept. 23, 2020) ("Courts in the Second Circuit have long held that the Anti-Injunction Act applies to state-court eviction proceedings.") (collecting cases).

Plaintiff seeks an order "restraining [d]efendants from executing the warrant of eviction and preserving the status quo[.]" Compl. 6. Courts have repeatedly concluded

8

that this requested relief is barred by the Anti-Injunction Act. *See Baumgarten v. County of Suffolk*, No. 07-cv-00539, 2007 WL 1490482, at \*4 (E.D.N.Y. May 15, 2007) ("[The] [p]laintiff seeks an injunction barring her eviction, for which a [w]arrant of [e]viction was issued[,] . . . [a]ccordingly, the Anti-Injunction Act applies.") (collecting cases); *Gomez v. Yisroel*, No. 21-cv-02172, 2021 WL 2138462, at \*2, 4 (S.D.N.Y. May 26, 2021) (concluding that Anti-Injunction At barred injunctive relief against "the execution of [an] eviction warrant" issued by state court); *273 Lee Ave. Tenants Ass'n v. Steinmetz*, No. 16-cv-06942, 2017 WL 11508017, at \*5 (E.D.N.Y. Oct. 3, 2017) ("[The] [d]efendants argue primarily that the Anti-Injunction Act, 28 U.S.C. § 2283, bars this [c]ourt from granting a preliminary injunction to stay the warrants of eviction issued by the [h]ousing [c]ourt against [the] [p]laintiffs. The [c]ourt agrees."). Moreover, plaintiff's allegations do not give rise to a reasonable inference that any of the Anti-Injunction Act's enumerated exceptions applies.[3] Accordingly, plaintiff's request for injunctive relief is also barred by the Anti-Injunction Act.

## III.    Section 1983 Claim

Finally, in addition to the fact that plaintiff's requests for relief are barred by the *Rooker-Feldman* doctrine and Anti-Injunction Act, dismissal of this action is also warranted because plaintiff fails to raise a colorable Section 1983 claim. As a threshold matter, "[a] [Section] 1983 plaintiff suing a municipality or individual officers in their official capacity must allege that their injury was caused by an official policy or custom." *Greco v. City of New York*, 686 F. Supp. 3d 191, 200 (E.D.N.Y. 2023) (citing *Montero v.*

---

[3]    Although claims brought pursuant to 42 U.S.C. § 1983 are excepted from the Anti-Injunction Act, the exception only applies where a plaintiff "ma[kes] out a cognizable Section 1983 claim." *Ram v. Lal*, 906 F. Supp. 2d 59, 71 (E.D.N.Y. 2012). And as set forth more fully below, plaintiff's complaint fails to raise a plausible Section 1983 claim.

*City of Yonkers, New York*, 890 F.3d 386, 403–04 (2d Cir. 2018)). And here, plaintiff alleges no facts about a city policy, custom, or practice that caused his alleged constitutional injuries. *See generally* Compl. Therefore, plaintiff fails to state a Section 1983 claim against the City and Marshal. *See Dininny v. Tretanelli*, No. 09-cv-06561, 2010 WL 5343180, at *3 (W.D.N.Y. Dec. 20, 2010) ([T]he [c]ourt finds nothing in the complaint alleging that [the defendant's] acts were pursuant to a policy or custom of the municipality. Accordingly, the claims against the City . . . and [the defendant] in his official capacity must be dismissed."); *see also Gaughan v. Nelson*, No. 94-cv-03859, 1997 WL 80549, at *3 (S.D.N.Y. Feb. 26, 1997) ("This failure to allege that a constitutional injury was the result of a municipal custom or policy requires dismissal of the [Section] 1983 claims against [the city] and the individual [d]efendants in their official capacities.").

To the extent the Marshal is sued in his individual capacity, plaintiff fails to allege facts suggesting unlawful conduct independent of potential enforcement of the warrant of eviction. Indeed, all of plaintiff's allegations concerning the "unconstitutional conduct that occurred outside the state court proceedings," Mot. 3, is limited to defendant Scott, a private individual, *see* Compl. 5. It is of course "axiomatic that private citizens and entities are not generally subject to Section 1983 liability." *Anilao v. Spota*, 774 F. Supp. 2d 457, 497 (E.D.N.Y. 2011) (citing *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)). Plaintiff attempts to remedy this deficiency by arguing that the Marshal is "enforcing a known-fraudulent judgment . . . despite notice of serious irregularities[.]" Mot. 5. But this argument fails because (1) the facts alleged do not support a reasonable inference that the warrant of eviction was fraudulent; and (2) even if the warrant was procured fraudulently, plaintiff alleges no facts explaining how the Marshal knew that to be the case. Indeed, plaintiff elsewhere argues that Scott's transfer of ownership of the

10

property—one of the alleged "serious irregularities and unresolved procedural defects" in the housing proceedings, Compl. 5—was "undisclosed" to the housing court, *see* Haynes Decl. ¶ 4. Moreover, absent a stay, the Marshal "cannot be held liable for evicting the plaintiff pursuant to a court order." *Maldonado v. N.Y. Cnty. Sheriff*, No. 05-cv-08377, 2006 WL 2588911, at *5 (S.D.N.Y. Sept. 6, 2006). This is so because "[i]t is not within the scope of a [marshal's] authority to review or question the legality of a court mandate." *Id*. Therefore, the Marshal cannot be held liable pursuant to Section 1983 for enforcing the warrant of eviction. *See id.*; *see also Tomassi v. Sheehan*, No. 15-cv-03605, 2016 WL 4768826, at *8 (E.D.N.Y. Aug. 23, 2016), *report and recommendation adopted*, 2016 WL 4767539 (Sept. 13, 2016).

In sum, plaintiff's allegations, even liberally construed, fail to state a claim arising under the Constitution or federal law.[4] His claims amount to a collateral attack on the eviction judgment itself, a matter over which this Court lacks subject matter jurisdiction. *See Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) (summary order) ("[The plaintiff's] complaint arises out of a landlord-tenant dispute over which the federal courts simply have no jurisdiction."); *Brennen v. Griffin*, No. 25-cv-03464, 2025 WL 3459373, at *2 (S.D.N.Y. Nov. 26, 2025) (explaining that allegations against a private landlord do not "involve a federal law or cause of action or require resolution of a substantial question of federal law").

---

[4]    Moreover, plaintiff does not allege that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Compl. 3. Indeed, the complaint lists each defendant's address to be New York, where plaintiff also appears to be a citizen. *See* Compl. 1–2; *see also Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (finding that a case falls within the federal district court's diversity jurisdiction "only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same state").

Therefore, "given the absence of any plausible federal claim . . . the Court lacks subject matter jurisdiction," and the complaint must be dismissed. *Peterec v. Cnty. of Suffolk Att'y*, No. 13-cv-04104, 2013 WL 4500921, at *4 (E.D.N.Y. Aug. 16, 2013); *see Kheyn v. City of New York*, No. 10-cv-03233, 2010 WL 3034652, at *2 (E.D.N.Y. Aug. 2, 2010) ("A claim invoking federal-question jurisdiction, however, may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous."); *see also McAllan v. Malatzky*, No. 97-cv-08291, 1998 WL 24369, at *2 (S.D.N.Y. Jan. 22, 1998) ("Where, as here, the complaint's constitutional claim appears to be nothing more than a state court claim recloaked in constitutional garb, the constitutional claim is insufficient to confer jurisdiction.").

Moreover, because the defects in plaintiff's claims are substantive, the Court finds that amendment would be futile, and plaintiff is denied leave to amend. *See Bey*, 2025 WL 1181679, at *4; *see also Haapaniemi v. TN Dep't of Motor Vehicles*, No. 23-cv-00554, 2023 WL 5002616, at *3 (E.D.N.Y. Aug. 4, 2023) ("Given that the lack of subject matter jurisdiction cannot be cured in an amended pleading, leave to amend the [c]omplaint would be futile[.]").

## CONCLUSION

For the reasons stated above, plaintiff's motion for a temporary restraining order and order to show cause for a preliminary injunction is denied, and the complaint is dismissed for lack of subject matter jurisdiction and for failure to state a claim. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, denies plaintiff in forma pauperis status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, mark this case as closed, and to mail a copy of this Order to plaintiff and to note the mailing on the docket.

**SO ORDERED.**

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated:       February 9, 2026
             Brooklyn, New York

13